IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM P. JACKSON, | ) |
| | ) |
| Plaintiff, | ) No. 2:25-cv-184-KAP |
| | ) |
| v. | ) |
| | ) District Judge Robert J. Colville |
| MR. VOGUS, *et al.*, | ) |
| | ) Magistrate Judge Pesto |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER OF COURT

Currently pending before the Court is the Report and Recommendation (ECF No. 7) filed by the Honorable Keith A. Pesto in the above-captioned matter. Judge Pesto's July 7, 2025 Report and Recommendation recommends that the Court dismiss the case as to all but one Defendant (Defendant Vogus). Objections to the Report and Recommendation were due by July 21, 2025. On July 18, 2025, Plaintiff filed a timely Objection (ECF No. 10) to the Report and Recommendation. On November 13, 2025, Plaintiff also filed a Motion to Appeal (ECF No. 14) the Report and Recommendation. On November 4, 2025, Judge Pesto filed a Supplemental Report and Recommendation (ECF No. 12, along with the Report and Recommendation at ECF No. 7, the "Report and Recommendation"), with additional supplements, while making the same substantive recommendation that the case be dismissed as to all Defendants except Defendant Vogus. Objections to the Supplemental Report and Recommendation were due by November 18, 2025. No objections were filed. Defendants did not respond to Plaintiff's Objection, and the Court considers this matter to be ripe for disposition.

1

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law. *Id*. "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'" *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further

evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The United States Court of Appeals for the Third Circuit has explained that "even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as 'reasoned consideration.'" *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Upon consideration of Judge Pesto's Report and Recommendation, Plaintiff's Objections to the Report and Recommendation, and Plaintiff's Motion to Appeal, and following review of all relevant docket entries, it is hereby ORDERED as follows:

The Court agrees with the thorough and well-reasoned analysis set forth in Judge Pesto's Report and Recommendation that Plaintiff has failed to allege that Defendants other than Defendant Vogus acted with deliberate indifference. However, the Court disagrees that amendment would be futile. The Court accepts and adopts Judge Pesto's Report and Recommendation as the opinion of the Court, with the modification that the Court will permit leave for Plaintiff to amend the claims as detailed by the Court above. Plaintiff's Objection to the Report and Recommendation is otherwise overruled. It is hereby further ORDERED that this case is dismissed without prejudice as to all Defendants except Defendant Vogus. Plaintiff has leave to amend the Complaint within 21 days of this Order.

Respecting Plaintiff's Motion to Appeal the assignment of Judge Pesto to his case, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72(G), this matter is currently referred to Magistrate Judge Pesto. While, as per Plaintiff's request, a District Court Judge is assigned to this case, Plaintiff's apparent motion to remove the Magistrate Judge and instead have a District Court Judge "manage the case by deciding non-dispositive motions and submitting reports and

recommendations on dispositive motions" is without merit.  Local Rule of Court 72(G).  Accordingly, it is hereby ORDERED that Plaintiff's Motion to Appeal is denied.

Finally, while having no bearing on the Court's rulings, the Court takes this opportunity to comment on troubling observations made in Plaintiff's filings to date.  Plaintiff has made a number of insulting and demeaning comments towards an esteemed member of the Federal Judiciary, the Honorable Keith A. Pesto.  *See, e.g.,* ECF No. 14.  The Court cannot perceive any basis for which such comments were necessary to convey legal argument in this case.  The Court will not tolerate such conduct in the future, and Plaintiff is hereby put on notice that if the Court perceives any comment as an attempt to insult any member of the Judiciary, whether it is Judge Pesto, this Court, or another referred magistrate, the Court will consider options at its disposal to sanction Plaintiff for this abuse.

BY THE COURT:

/s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: January 7, 2026

cc:

William P. Jackson QQ-2364
SCI LAUREL HIGHLANDS
5706 Glades Pike
Somerset, PA 15501

All counsel of record